UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KEVIN SIMPSON,

     Plaintiff,

     v.

JEFFREY ENGLE, Officer
ROBERT SIRON, Assistant Chief
RANDALL WIKOFF, Sergeant, and
BLOOMINGTON POLICE DEPARTMENT

     Defendant.

Case No. 10 CV 1394

## ORDER

### STATEMENT OF FACTS

Plaintiff, Kevin Simpson, filed a *pro se* complaint alleging four counts of civil rights violations committed by Defendants. Defendants filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Plaintiff filed his responses and on May 11, 2011, oral arguments were heard on the matter.

Plaintiff's allegation stem from an arrest that occurred November 5, 2009. Plaintiff had a tumultuous relationship with his sister Kimberly Fitzgerald and mother Nancy Miller. Earlier in the day on the 5th, Plaintiff drove by his sister's place of business as she was outside putting up a sign and extended his middle finger in her direction (gave her the finger). Plaintiff's sister called her/their mother to discuss the incident and their mother then called the police. Upon arrival, Defendant Officer Jeffrey Engle spoke with the mother who stated over the preceding months, she had been

receiving phone calls from Plaintiff stating that he wanted her dead and to stay away from him. The mother also told Engle that Plaintiff told her that he wanted his sister Kimberly dead. The mother told Engle this had been an-ongoing situation and Plaintiff was bi-polar. She also told Engle that she knows something bad is going to happen and that things just keep getting worse and that she is scared of what might happen. Plaintiff disputes that his sister and mother made any mention of feeling threatened by his behavior and contends that he has conducted himself in this same manner for many years without incident.

    Engle then proceeded to Plaintiff's home where he engaged in a heated conversation with Plaintiff outside of Plaintiff's tool shed. At this point the record becomes less clear as to what happened. Both parties agree that Engle left Plaintiff's residence. Plaintiff alleges that after leaving, Engle spoke with Plaintiff's sister, who after hearing of the heated argument, asked Engle why he did not arrest Plaintiff, at which time Engle returned to Plaintiff's home and proceeded to make an arrest. Engle alleges he left the residence and conducted an additional hour-or-so period of investigation, which involved speaking with Plaintiff's sister, and returned to the residence to make an arrest. Both parties agree Plaintiff was inside his home when Engle returned with other officers to effectuate the arrest, and after being asked to come outside, Plaintiff voluntarily did so. Following Plaintiff's arrest, he filed a citizens complaint with the Bloomington Police Department requesting an internal investigation, which was finished 197 days after its filing.

This complaint contains four counts. Counts I, II and IV are against Jeffrey Engle and are titled as follows: (I) Violation of Plaintiff's Fourth Amendment Right to be Free From Unreasonable Seizures; (II) Violations of Plaintiff's Fourteenth Amendment Right to Due Process; and (IV) Violations of Plaintiff's Civil Rights under the First, Fourth and Fourteenth Amendments. Count III is against the Bloomington Police Department, Assistant Chief Robert Siron and Sergeant Randall Wikoff. Count III is titled "Violations of Plaintiff's Rights Under the Fourth Amendment and Fourteenth Amendments: Conspiracy to Commit Unreasonable Seizure, Conspiracy to Prevent Due Process_Assistant Police Chief Robert Siron, Sgt. Randall Wikoff and the Bloomington Police Department".

## DISCUSSION

It is well established that complaints are to liberally construed for *pro se* complainants. Kaba v. Stepp, 458 F.3d 678, 681, 687 (7th Cir.2006). *Pro se* submissions are held to a less stringent standard than pleadings drafted by lawyers. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir.2009). F.R.C.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do.  Bell Atlantic Corp., 550 U.S. at 555.

Additionally, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts-as well as any inferences reasonably drawn therefrom-in the light most favorable to the plaintiff.  Parish v. City of Elkhart, 614 F.3d 677, 679 (7th Cir.2010).  A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  Bell Atlantic Corp., 550 U.S. at 556.

The four counts in Plaintiff's complaint will be addressed in turn, with the three counts involving Engle addressed first.

**COUNT I.**

Count I is the most easily cognizable of Plaintiff's claims and though not so-phrased, alleges a violation of 42 U.S.C. Section 1983 for false arrest, or one not supported by probable cause.  Engle points out, both through his Motion to Dismiss and oral argument, that "probable cause is an absolute bar to a claim of false arrest under the Fourth Amendment and Section 1983."  Stokes v. Board of Education, 599 E.3d 617, 622 (7th Cir.2010).  However, as this is a motion to dismiss and the facts are disputed, the Court will not engage in fact finding, which is necessary to determine the existence or absence of probable cause.  Simply put, Plaintiff, however remotely it may

be, could succeed on this claim if he proved Engle lacked probable cause for his arrest. Therefore Engle's motion to dismiss as to Count I is denied.

**COUNT II.**

Through liberal construal of the complaint, the Court believes the Plaintiff is alleging a 4th Amendment violation for unlawful entry into his home on the night of the arrest. It is well established that police officers are Constitutionally prohibited from entering a home without a warrant to effect an arrest absent consent or exigent circumstances. Payton v. New York, 445 U.S. 572 (1980). As Engle correctly points out, "Payton holds the Fourth Amendment draws a clear line at the entrance of a person's house." U.S. v. Berkowitz, 927 F.2d 1376 (7th Cir.1991). However, Plaintiff's response brief admits the arrest did not occur inside his home stating "remaining in the home would only serve to worsen whatever fate was outside." Pl. Response, pg. 6. This is reinforced by the fact that during oral argument, Plaintiff freely admitted he walked out of the house. Therefore, Plaintiff has no claim upon which relief could be granted with regard to illegal and unconstitutional entry into his home since the arrest occurred outside his home. Accordingly, Count II is dismissed.

**COUNT IV.**

Count IV alleges a combination of First, Fourth and Fourteenth Amendment violations. Plaintiff's complaint states that these Constitutional rights were violated by Engle. The Complaint appears to allege a combination of a violation of his 1st Amendment freedom of expression as well as renewing his belief that his actions did

not rise to the level of disorderly conduct. However, given that his complaint states his gesture qualifies as protected speech, this count survives the motion to dismiss as it could provide a ground upon which relief may be granted.

**COUNT III.**

Count III alleges a violation against the Bloomington Police Department, Assistant Chief Robert Siron, and Sergeant Randall Wikoff.

*Bloomington Police Department*

Here Plaintiff alleges a denial of his due process rights for refusing to intervene, refusing to properly investigate his claim against Engle through internal investigation and a general conspiracy to deny him his civil rights. Plaintiff attempted to further explain the conspiracy in his Response to Defendants' Motion to Dismiss and alleged the Bloomington Police Department (BPD) had, and still maintains, a policy of encouraging arrests that lack probable cause. It appears Plaintiff is attempting to assert a *Monell* claim for municipal liability for a violation of Section 1983. In order to do so he must allege a constitutional violation caused by the municpality's express policy, by a widespread practice so permanent that it has the force of law, or by the act of a decision maker who had the authority to make policy. McCormick v. City of Chicago, 230 F.3d 319, 324 (7th Cir.2000). In support his allegation Plaintiff asserts that the Bloomington Police Chief, who is not a named party in this action, testified in a different trial that BPD officers "commonly use probable cause determinations to justify arrests without a warrant". Pl. Resp., Pg. 3. He then cites a retired BPD Police Chief

as stating the same policy had been in place during his tenure (duration and time unknown). Id. However, during oral argument, Plaintiff clarified his position stating the gist of his claim was that Siron and Wikoff failed to timely investigate his complaint through the BPD's internal investigation process. Therefore, Defendants' motion to dismiss as to BPD is granted as Plaintiff is simply not alleging a claim against it.

*Assistant Chief Robert Siron and Sergeant Randall Wikoff*

As previously mentioned, Plaintiff's oral argument was instrumental in determining that his claim in this count is against Siron and Wikoff which stemmed from their failure to properly and timely investigate his complaint against Officer Engle in violation of BPD policy. Plaintiff alleges in his complaint the internal investigation spanned 197 days, and during oral argument added that the BPD's policy was to complete such investigations within 180 days. However, failure to conduct internal investigations cannot be a basis for a section 1983 claim. Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir.2003) ("42 U.S.C. §1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). "In other words, the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established". Thompson v. City of Chicago, 472 F.3d 444, 454-55 (7th Cir.2006). Therefore, even assuming all of Plaintiff's allegations are true and drawing any and all reasonable inferences therefrom, Plaintiff cannot sustain a violation

of Section 1983 against the two Defendants. Defendants' motion to dismiss as to Siron and Wikoff is granted.

## CONCLUSION

Based on the foregoing, the Court grants Defendant Engle's Motion to Dismiss [#22] is GRANTED IN PART and DENIED IN PART; it is granted as to Count II and denied as to Counts I and IV. The Motion to Dismiss by BPD, Siron, and Wikoff [#24] is GRANTED, and Count III is DISMISSED. Defendants BPD, Siron, and Wikoff are hereby terminated as parties to this matter. Engle is directed to answer the remaining counts within 21 days of this Order, and this case is REFERRED to Magistrate Judge Gorman for further proceedings.

ENTERED this 23rd day of May, 2011.

/s/ James E. Shadid
James E. Shadid
United States District Judge